# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANSE SULLIVAN,<br><br>  Plaintiff,<br><br>  vs.<br><br>KRAMER, et al.,<br><br>  Defendants. | 1:13cv00275 DLB PC<br><br>ORDER DISMISSING COMPLAINT<br>WITH LEAVE TO AMEND<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff Manse Sullivan ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis in this civil rights action. Plaintiff filed this action on February 22, 2013. He names former directors of Coalinga State Hospital ("CSH") Norm Kramer and Pam Ahlin, former director of the Department of Mental Health Stephen Mayberg, Director of the Department of Mental Health Cliff Allenby, the Fresno County Board of Supervisors and former California governor Arnold Schwarzenegger as Defendants.[1]

A.  **SCREENING REQUIREMENT**

The Court is required to screen Plaintiff's complaint and dismiss the case, in whole or in part, if the Court determines it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on March 11, 2013.

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal conclusions are not.  Iqbal, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  This requires the presentation of factual allegations sufficient to state a plausible claim for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

B.   **SUMMARY OF PLAINTIFF'S ALLEGATIONS[2]**

Plaintiff is a 63 year-old African American who is civilly committed at CSH under the Sexually Violent Predator Act.  Plaintiff has been at CSH since 2006.

Plaintiff alleges that Defendants have disregarded the risks of Valley Fever and placed him in an institution that is unfit for human habitation  Although Plaintiff has not contracted any form of Valley Fever, he contends that he was not informed of the severe nature of the disease until it became apparent that staff and patients at CSH were infected.  Plaintiff believes that Defendants had specific knowledge of the dangers of Valley Fever at least as early as 2002, prior to the construction of CHS, based on information from Pleasant Valley State Prison.

---

[2] Plaintiff references number exhibits, though no exhibits were submitted with his complaint.

Plaintiff alleges that the medical support services at CSH "substantially depart" from generally accepted risk management practices, i.e., no adequate treatment plan, assessments, psychiatric services, nursing services, emotional rehabilitation, and that this puts patients at risk of Valley Fever.  Compl. 9.  Plaintiff alleges that he has been denied any protective medical health services.  Plaintiff is "informed and believes," therefore, that Defendants have acted with deliberate indifference.  Compl. 10.  Plaintiff alleges that Defendants have failed to properly monitor, retain and supervise the conditions which would cause Plaintiff to suffer serious injuries.  He believes that Defendants are therefore directly liable "for any direct cause of injuries. . ."  Compl. 11.

Plaintiff also believes that these customs, policies and practices constitute deliberate indifference.  Specifically, Plaintiff alleges that there is a custom and/or policy to discriminate against mental health patients at CSH and refuse accommodations.  Plaintiff alleges that this has deprived him of the right to sufficient protective treatment and knowledge of the disease prior to, and during, his incarceration at CSH.

Based on these allegations, Plaintiff alleges causes of action for (1) negligence pursuant to California Government Code section "845.5(d);" (2) failure to provide adequate facility equipment pursuant to California Government Code section 855; (3) abuse of a dependent adult pursuant to California Government Code section "845.5(d);" (4) Deliberate indifference in violation of the Eighth Amendment; (5) discrimination in violation of the Fourteenth Amendment; and (6) violation of the First Amendment.

C.  **ANALYSIS**

1.  Linkage

As explained above, section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d

1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  To state a claim, Plaintiff must demonstrate that each defendant *personally participated* in the deprivation of his rights.  Iqbal, 556 U.S. at 676-77, 129 S.Ct. at 1949; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.

Therefore, Plaintiff must link the named defendants to the participation in the violation at issue.  Liability may not be imposed on supervisory personnel under the theory of respondeat superior, Iqbal, 556 U.S. at 676-77; Simmons, 609 F.3d at 1020-21; Ewing, 588 F.3d at 1235; Jones, 297 F.3d at 934, and supervisory personnel may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011), cert. denied, 132 S.Ct. 2101 (2012); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009).  Some culpable action or inaction must be attributable to Defendants and while the creation or enforcement of, or acquiescence in, an unconstitutional policy, as alleged here, may support a claim, the policy must have been the moving force behind the violation.  Starr, 652 F.3d at 1205; Jeffers v. Gomez, 267 F.3d 895, 914-15 (9th Cir. 2001); Redman v. County of San Diego, 942 F.2d 1435, 1446-47 (9th Cir. 1991).

In his complaint, all named Defendants are in supervisory positions.  In other words, no Defendant had any personal interactions with Plaintiff to form a basis of liability.  Therefore, Plaintiff must demonstrate that Defendants "participated in or directed the violations, or knew of the violations and failed to act to prevent them."  Insofar as he cites a policy and/or custom, Plaintiff must demonstrate that the policy or custom was the moving force behind the violation.  Moreover, Plaintiff must do more than allege conclusory, speculative allegations.  He must set forth facts upon which the requisite liability may be based.

Plaintiff alleges that Defendants Kramer and Ahlin were in "seats of authority" at CSH when Plaintiff was there, and that they are liable for allowing Plaintiff to be in the area of Valley Fever and hiding it from him. Plaintiff's allegations are not supported by facts, however, and are insufficient to support liability.

As for Defendants Mayberg, Allenby and Schwarzenegger, Plaintiff alleges that they were all aware of the hazards of building in the area, yet allowed the construction to proceed and withheld information from Plaintiff or failed to take appropriate precautions. Again, these allegations lack factual information and are insufficient to support liability.

Insofar as Plaintiff alleges that the members of the Fresno County Board of Supervisors were told of the dangers of construction, but failed to it, his allegations are factually insufficient to support liability. Generally, a claim against a local government unit for municipal or county liability requires an allegation that "a deliberate policy, custom, or practice . . . was the 'moving force' behind the constitutional violation . . . suffered." Galen v. County of Los Angeles, 477 F.3d 652, 667 (9th Cir. 2007); City of Canton, Ohio, v. Harris, 489 U.S. 378, 385, 109 S.Ct. 1197 (1989). Alternatively, and more difficult to prove, municipal liability may be imposed where the local government unit's omission led to the constitutional violation by its employee. Gibson, 290 F.3d at 1186. Under this route to municipal liability, the "plaintiff must show that the municipality's deliberate indifference led to its omission and that the omission caused the employee to commit the constitutional violation." Id. Deliberate indifference requires a showing "that the municipality was on actual or constructive notice that its omissions would likely result in a constitutional violation." Id.

Finally, although Plaintiff makes reference to a policy and/or custom of discrimination, his allegations lack factual support.

For the above reasons, Plaintiff fails to link any named Defendant to any alleged constitutional violation. He will be permitted to amend subject to the standard set forth below.

2.      Medical Care

Although Plaintiff cites the Eighth Amendment, as a civil detainee, his right to medical care is protected by the substantive component of the Due Process Clause. Youngberg v. Romeo, 457 U.S. 307, 315, 102 S.Ct. 2452 (1982). A determination whether Plaintiff's rights were violated requires "balancing of his liberty interests against the relevant state interests." Youngberg, 457 U.S. at 321. Plaintiff is "entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish," but the Constitution requires only that courts ensure professional judgment was exercised. Id. at 321-22. A "decision, if made by a professional, is presumptively valid; liability may be imposed only when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." Id. at 322-23; compare Clouthier v. County of Contra Costa, 591 F.3d 1232, 1243-44 (9th Cir. 2010) (rejecting the Youngberg standard and applying the deliberate indifference standard to a pretrial detainee's right to medical care, and noting that pretrial detainees, who are confined to ensure presence at trial, are not similarly situated to those civilly committed).

The professional judgment standard is an objective standard and it equates "to that required in ordinary tort cases for a finding of conscious indifference amounting to gross negligence." Ammons v. Washington Dep't of Soc. & Health Servs., 648 F.3d 1020, 1029 (9th Cir. 2011), cert. denied, 132 S.Ct. 2379 (2012) (citations and internal quotation marks omitted).

Plaintiff's complaint is premised on his contention that simply being in an area where Valley Fever is present is sufficient to state a constitutional claim. Plaintiff admits that he has not contracted Valley Fever. Generally, however, the mere fact that he was confined in a location where Valley Fever spores existed is not sufficient to state a claim. The Court

recognizes that as a civil detainee, Plaintiff's care is subject to a higher standard. Here, however, there are no factual circumstances that warrant departure from this general proposition.

Moreover, Plaintiff's general references to inadequate treatment are insufficient to state a claim. Plaintiff has not set forth facts related to any specific treatment, or lack thereof, that he received.

Accordingly, Plaintiff fails to state a claim under the Due Process Clause for inadequate medical treatment.[3] He will be permitted to amend.

3.   Discrimination

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). An equal protection claim may be established in two ways. First, a plaintiff establishes an equal protection claim by showing that the defendant has intentionally discriminated against him on the basis of the plaintiff's membership in a protected class. See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir.2001). Under this theory of equal protection, the plaintiff must show that the defendants' actions were a result of the plaintiff's membership in a suspect class, such as race. Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir.2005).

Absent an allegation that Plaintiff is a member of a protected class or that Defendants acted on the basis of his status as a member of a protected class, Plaintiff may only establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); San Antonio School District v. Rodriguez, 411 U.S. 1, 93 (1972); Squaw Valley Development Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir.2004). To state an equal protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others

---

[3] Plaintiff also cites to the First Amendment when discussing the lack of medical treatment. There are no allegations in his complaint, however, to support a claim under any provision of the First Amendment.

similarly situated; and (3) there is no rational basis for the difference in treatment.  Village of Willowbrook, 528 U.S. at 564.

In his complaint, Plaintiff alleges that he is being discriminated against due to "an actual or perceived mental illness."  Compl. 19.  He appears to allege that all patients at CSH are discriminated against because they have been placed at an institution where Valley Fever is present.  This is insufficient to state a claim.

A person with a mental disability, whether perceived or actual, is not in a protected class under the Equal Protection Clause.  City of Cleburne, 473 U.S. at 442.  However, the Equal Protection Clause prohibits irrational and invidious discrimination against them.  Dare v. California, 191 F.3d 1167, 1174 (9th Cir.1999).  The disabled plaintiff must have been treated differently than others similarly situated, by reason of the plaintiff's classification.  Lee v. City of Los Angeles, 250 F.3d 668, 687 (9th Cir.2001).  "'Discriminatory purpose' ... implies more than intent as volition or intent as awareness of consequences.  It implies that the decisionmaker ... selected or reaffirmed a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group."  Personnel Adm'r of Mass. v. Feeney, 442 U.S. 256, 279 (1979) (internal citation omitted).

Plaintiff fails to make any allegations that Defendants' alleged actions were motivated by discriminatory animus towards patients with mental disabilities.

Therefore, Plaintiff fails to state a claim under the Equal Protection Clause.  He will be permitted to amend.

4.      State Law Claims

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c).  "[O]nce judicial power exists under

§ 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997). "The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).  The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).

At this point, because Plaintiff fails to state any federal claims, the Court does not have jurisdiction over any state claims.  Nonetheless, the Court provides the following analysis for informational purposes.

        a.    *California Government Code Sections*

Plaintiff states that his negligence claim is brought under California Government Code section 845.5(d).  He states that his treatment at CSH "has been conducted with negligence, recklessness and deliberate indifference towards his health and safety as a civilly committed dependent adult." Comp. 18.

As there is no Government Code section 845.5, the Court is unsure of the exact nature of Plaintiff's claim.  It appears, however, that he is premising liability on the duty of the State to ensure that wards of the State receive proper medical care.  In that regard, Government Code section 854.8 sets forth the liability of a public entity.  Subsection (d) states that a public employee is not exonerated from liability for "injury proximately caused by his negligent or wrongful act or omission."

Plaintiff also cites California Government Code section 855, which provides for liability of a public entity "for injury proximately caused by the failure of the public entity to provide adequate or sufficient equipment, personnel or facilities required by any statute. . ."

Again, however, Plaintiff fails to provide sufficient factual information to link any Defendant with any alleged violation. Thus, the Court is unable to find a basis for liability under either of these sections.

Plaintiff may amend this claim, but is notified that if he fails to allege a viable federal claim in his amended complaint, the Court will not exercise supplemental jurisdiction over his state law claims, even if he cures the deficiencies and states a claim. 28 U.S.C. § 1367(a); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001).

    b. *California Welfare and Institutions Code*

Finally, Plaintiff cites to California Welfare and Institutions Code sections 15600, et seq., known as the Elder Abuse and Dependent Adult Civil Protection Act ("EADACPA"). Section 15657 provides for liability for physical abuse or neglect where the defendant acted with recklessness, oppression, fraud or malice in the commission of the abuse.

Plaintiff's conclusory allegations fail to rise to the level of a violation of the EADACPA and he therefore fails to state a claim. Plaintiff may amend this claim, but is notified that if he fails to allege a viable federal claim in his amended complaint, the Court will not exercise supplemental jurisdiction over his state law claims, even if he cures the deficiencies and states a claim. 28 U.S.C. § 1367(a); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001).

**D.** **CONCLUSION AND ORDER**

Plaintiff's complaint fails to state any cognizable claims against any Defendants.

Plaintiff will be permitted to amend his complaint, though he must follow the guidelines above. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 676-77.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4. <u>If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim</u>.

IT IS SO ORDERED.

Dated:   **September 19, 2013**              /s/ *Dennis L. Beck*
                                            UNITED STATES MAGISTRATE JUDGE