# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANSE SULLIVAN,<br><br>             Plaintiff,<br><br>     v.<br><br>ALLENBY,<br><br>             Defendant. | Case No. 1:13-cv-00275 DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL<br>(Document 42)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME<br>(Document 43) |

Plaintiff Manse Sullivan ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis in this civil rights action. This action is proceeding on Plaintiff's conditions of confinement claim against Defendant Allenby.[1]

Pursuant to the December 9, 2015, Discovery and Scheduling Order, the discovery cut-off was May 9, 2016. The dispositive motion deadline is July 6, 2016.

On May 9, 2016, Plaintiff filed a motion to compel and a motion to extend time for discovery. Defendant opposed the motion on May 23, 2016. Plaintiff did not file a reply and the motions are deemed submitted pursuant to Local Rule 230(l).

**A.  <u>MOTION TO COMPEL</u>**

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, and for good cause, the Court may order discovery of any matter relevant

---

[1] The parties have consented to the jurisdiction of the United States Magistrate Judge.

1  to the subject matter involved in the action.  Fed. R. Civ. P. 26(b)(1) (quotation marks omitted).

2  Relevant information need not be admissible at the trial if the discovery appears reasonably

3  calculated to lead to the discovery of admissible evidence.  *Id.* (quotation marks omitted).

4  Generally, "[t]he party opposing discovery bears the burden of resisting disclosure," *Rogers*

5  *v. Giurbino*, 288 F.R.D. 469, 479 (S.D. Cal. 2012) (citation omitted), but in cases such as this, the

6  parties were relieved of the meet and confer requirement and the requirement that they file a joint

7  statement regarding their discovery disagreement, Fed. R. Civ. P. 26(c)(1), 37(a)(1); Local Rule 251.

8  As a result, Plaintiff bears an initial procedural burden in moving to compel; the Court is disinclined

9  to sift through the parties' discovery requests and responses in an effort to determine what is in

10 dispute and why it is in dispute.  Fed. R. Civ. P. 7(b)(1).  Plaintiff must identify which discovery

11 requests are at issue and why he is entitled to the relief he seeks (e.g., why the information is

12 relevant and why the objections lack merit).  *E.g.*, *Grabek v. Dickinson*, No. CIV S-10-2892 GGH P,

13 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); *Womack*, 2011 WL 6703958, at *3; *Mitchell v.*

14 *Felker*, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); *Ellis v. Cambra*,

15 No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).

16 It appears that Plaintiff seeks responses to his (1) First and Second Sets of Requests for

17 Production; and (2) First Set of Interrogatories.  According to Plaintiff, Defendant responded to his

18 First Set of Requests for Production with a "limited amount of material because they refused to

19 adhere to all of the request."  ECF No. 42, at 1.  Plaintiff then served a Second Set of Requests for

20 Production on April 28, 2016, and his First Set of Interrogatories on March 28, 2016.  Plaintiff

21 contends that Defendant has not responded to the interrogatories.

22 As to the First Set of Requests for Production, although Plaintiff believes that the responses

23 were insufficient, he does not identify what requests are in dispute, or why he believes that any of

24 the responses were inadequate.  The Court has reviewed Defendant's March 21, 2016, responses to

25 the fourteen requests for production in the First Set, and it appears that although Defendant set forth

26 numerous objections, he either (1) produced documents to some extent; or (2) confirmed that

27 responsive documents do not exist.  Murphy Decl., Ex. 2.  The Court will not guess as to how or

28 why Defendant's responses are insufficient.

Plaintiff served his Second Set of Requests for Production on April 28, 2016, over one month after Defendant responded to the First Set.  Responses were due on June 3, 2016, which is almost one month past the May 9, 2016, discovery cut-off.  Plaintiff must serve his discovery with adequate time to allow for responses, and any related motions to compel, *prior* to the May 9, 2016, cut-off date.  The December 9, 2015, Discovery and Scheduling order specifically explained these requirements to Plaintiff.  ECF No. 30.  The Court will not compel Defendant to respond to the Second Set of Requests for Production.

Finally, Plaintiff served his First Set of Interrogatories on March 28, 2016.  Although Plaintiff states that Defendant never responded, Defendant filed a timely response on May 2, 2016.  Murphy Decl. ¶ 5, Ex. 4.  It is possible that Plaintiff filed this motion, which was signed on May 6, 2016, prior to receiving the responses.  Nonetheless, as Defendant has responded, the Court will not compel an additional response.

Accordingly, Plaintiff's motion to compel is DENIED.  Plaintiff's request for sanctions is also DENIED.

**B.     MOTION TO EXTEND TIME FOR DISCOVERY**

Plaintiff requests a two-month extension of the May 9, 2016, discovery deadline to (1) allow Defendant to provide supplemental response to the above discovery; and (2) "in order to build an adequate objection to Defendant's pending dispositive motion or summary judgment motion."  ECF No. 43, at 1.

Modification of the pretrial scheduling order requires a showing of good cause.  Fed. R. Civ. P. 16(b)(4).  "The schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'"  *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).  "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking the modification."  *Johnson*, 975 F.2d at 609.  "If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted."  *Zivkovic*, 302 F.3d at 1087 (quoting *Johnson*, 975 F.2d at 609).

To the extent that Plaintiff requests an extension to permit Defendant to provide supplemental responses, the Court has denied Plaintiff's motion to compel, as explained above. In any event, if the Court had ordered additional responses after granting a motion to compel, such responses could be served after the discovery deadline.

The Court also notes that Plaintiff waited over one month after he received the First Set of Requests for Production before propounding the Second Set. Therefore, Plaintiff's own delay caused the failure to timely serve discovery.

Insofar as Plaintiff seeks an extension to gather evidence to oppose a future dispositive motion, the Court will not extend the deadline for this reason, alone. If Plaintiff needs additional discovery if and when a dispositive motion is filed, he may move for such discovery under Federal Rule of Civil Procedure 56(d).

Plaintiff's motion to modify the Discovery and Scheduling Order is therefore DENIED.

IT IS SO ORDERED.

Dated:   **June 7, 2016**                              /s/ *Dennis L. Beck*
                                                      UNITED STATES MAGISTRATE JUDGE