# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANSE SULLIVAN, | 1:13-cv-00275-GSA-PC |
| Plaintiff, | **ORDER GRANTING DEFENDANT ALLENBY'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br>**(ECF No. 46.)** |
| v. | |
| NORM KRAMER, et al., | **ORDER DISMISSING CASE, WITH PREJUDICE, BASED ON DEFENDANT'S QUALIFIED IMMUNITY FROM SUIT** |
| Defendants. | **ORDER FOR CLERK TO CLOSE CASE** |

## I.      BACKGROUND

Manse Sullivan ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on February 22, 2013.  (ECF No. 1.)  On September 20, 2013, the Court screened the Complaint and issued an order dismissing the Complaint for failure to state a claim, with leave to amend.  (ECF No. 8.)  On December 13, 2013, Plaintiff filed the First Amended Complaint.  (ECF No. 12.)  The Court screened the First Amended Complaint and issued an order on April 23, 2014, dismissing the case for failure to state a claim, without leave to amend, and judgment was entered.  (ECF Nos. 14, 15.)

1

On May 1, 2014, Plaintiff appealed the dismissal of the case to the Ninth Circuit Court of Appeals.  (ECF No. 16.)  On July 1, 2015, the Ninth Circuit issued an order remanding the case to the district court, to proceed on Plaintiff's safe conditions claim against defendant Allenby.  (ECF No. 21.)  The Ninth Circuit held that Plaintiff's allegations against defendant Allenby – "that Allenby knew of the life-threatening dangers of valley fever at the state hospital but failed to take any preventative measures to protect Sullivan, and that the risk prevention techniques substantially departed from generally accepted standards" – "liberally construed, were sufficient to warrant ordering Allenby to file an answer."  (ECF No. 21 at 2-3.)  Therefore, the case now proceeds with Plaintiff's First Amended Complaint filed on December 13, 2013, against defendant Cliff Allenby ("Defendant"), on Plaintiff's safe conditions claim arising out of his placement in a state mental hospital where he is allegedly at risk of contracting the disease known as Valley Fever.  (ECF No. 12.)

The parties to this action have consented to the jurisdiction of a Magistrate Judge pursuant to 28 U.S.C. § 636(c).  (ECF Nos 6, 35.)  Therefore, the undersigned shall conduct any and all further proceedings in this action, including trial and final judgment.

On July 6, 2016, Defendant filed a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  (ECF No. 46.)  On September 12, 2016 and September 21, 2016, Plaintiff filed oppositions to the motion.  (ECF Nos. 52, 53.)  On September 22, 2016, Defendant filed a reply to the opposition.  (ECF No. 54.)

Defendant Allenby's motion for judgment on the pleadings is now before the Court.

## II.   PLAINTIFF'S CLAIMS

Plaintiff is a 63-year-old African-American male, presently civilly committed at Coalinga State Hospital (CSH) in Coalinga, California, under the Sexually Violent Predator Act, where he has been detained since September 2006.  The sole defendant in this case is defendant Cliff Allenby, Executive Director of the Department of Mental Health (DMH).

Plaintiff alleges that Defendant disregarded the risks of exposure to Valley Fever and placed him in an institution that is unfit for human habitation.  Although Plaintiff has not contracted any form of Valley Fever, he contends that he was not informed of the severe nature

of the disease until it became apparent that staff and patients at CSH were infected.  Plaintiff alleges that Defendant knew of the life-threatening dangers of Valley Fever as early as 2002, prior to the construction of CSH, based on information from Pleasant Valley State Prison, which is located a mere two hundred yards from CSH and has numerous cases of infections of Valley Fever. Plaintiff alleges that his African-American heritage causes him to be more subject to contracting Valley Fever than others.  Plaintiff alleges that despite his knowledge of the dangers, Defendant Allenby became the director of DMH, and although there is scientific fact that individuals' lives are at risk, Defendant Allenby has not taken any precautions to protect patients at the institution from the formidable dangers at the location.

Based on these allegations, Plaintiff alleges a cause of action against defendant Allenby for subjecting him to unsafe conditions in violation of the Due Process Clause of the Fourteenth Amendment.[1]  Plaintiff requests monetary damages and a declaratory judgment.

## III.   MOTION FOR JUDGMENT ON THE PLEADINGS

### A.   Legal Standards

#### 1.   Motion for Judgment on the Pleadings

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  Judgment on the pleadings is appropriate when, even if all material facts in the pleading under attack are true, the moving party is entitled to judgment as a matter of law. Ventress v. Japan Airlines, 603 F.3d 676, 681 (9th Cir. 2010) quoting Fajardo v. County of L.A., 179 F.3d 698, 699 (9th Cir. 1999).  The court must assume the truthfulness of the material facts alleged in the complaint, Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc., 637

---

[1] In the First Amended Complaint, Plaintiff brought claims against defendants Allenby, Kramer, Ahlin, Mayberg, Schwarzenegger, and the Fresno County Board of Supervisors. (ECF No. 12.) On April 23, 2014, the Court dismissed those claims for failure to state a claim, without leave to amend. (ECF No. 14.)  The Ninth Circuit affirmed the dismissal the claims against defendants Kramer, Ahlin, Mayberg, Schwarzenegger, and the Fresno County Board of Supervisors in its memorandum filed on July 1, 2015, finding that "[t]he district court properly dismissed Sullivan's claims against defendants Kramer, Ahlin, Mayberg, Schwarzenegger, and the Fresno County Board of Supervisors because Sullivan failed to allege facts sufficient to state a plausible claim for relief under any viable legal theory against these defendants." (ECF No. 21 at 2.)  Therefore, this case now proceeds only against defendant Allenby on Plaintiff's safe conditions claim.

F.3d 1047, 1053 (9th Cir. 2011), and "treat as false the allegations in the answer that contradict" the complaint, Elvig v. Calvin Presbyterian Church, 375 F.3d 951, 955 (9th Cir. 2004). All inferences reasonably drawn from these facts must be construed in favor of the responding party. General Conference Corp. of Seventh–Day Adventists v. Seventh Day Adventist Congregation Church, 887 F.2d 228, 230 (9th Cir. 1989).

The legal standard that governs a Rule 12(c) motion is the same as that which governs a Rule 12(b)(6) motion. Chavez v. United States, 683 F.3d 1102, 1108 (9th Cir. 2012). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 540, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1031 (9th Cir. 2008). Nonetheless, Courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Secs. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008)

If matters outside the pleadings are considered, the motion shall be treated as one for summary judgment. Fed. R. Civ. P. 12(c). A district court may, however, "consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice— without converting the motion to dismiss [or motion for judgment on the pleadings] into a motion for summary judgment." United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003); see also Summit Media LLC v. City of Los Angeles, 530 F.Supp.2d 1084, 1096 (C.D.Cal. 2008). Further, the court may consider the full text of documents referred to in the complaint without converting the motion to a motion for summary

judgment, provided that the document is central to plaintiff's claim and no party questions the authenticity of the document.  Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006).  Also, extrinsic evidence that is subject to judicial notice may be properly considered in a Rule 12(c) motion.  Heliotrope Gen., Inc. v. Ford Motor Co., 189 F.3d 971, 981 n. 18 (9th Cir. 1999).

## 2.   Qualified Immunity

"Qualified immunity shields government officials from civil damages liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." Taylor v. Barkes, 135 S.Ct. 2042, 2044 (2015) (quoting Reichle v. Howards, 132 S.Ct. 2088, 2092 (2012)).  Qualified immunity analysis requires two prongs of inquiry:  "(1) whether 'the facts alleged show the official's conduct violated a constitutional right; and (2) if so, whether the right was clearly established' as of the date of the involved events 'in light of the specific context of the case.'" Tarabochia v. Adkins, 766 F.3d 1115, 1121 (9th Cir. 2014) (quoting Robinson v. York, 566 F.3d 817, 821 (9th Cir. 2009)).  These prongs need not be addressed in any particular order.  Pearson v. Callahan, 555 U.S. 223, 129 S.Ct. 808 (2009).

To determine whether a government official should be granted qualified immunity, under the first prong, the facts are to be viewed "in the light most favorable to the injured party." Chappell v. Mandeville, 706 F.3d 1052, 1058 (9th Cir. 2013) quoting Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct. 2151 (2001), receded from on other grounds by Pearson, 355 U.S. at 817-21; see also Bryan v. MacPherson, 630 F.3d 805, 817 (9th Cir. 2010).  However, the existence of a material factual dispute does not necessarily preclude a finding of qualified immunity.  Estate of Ford v. Ramirez-Palmer, 301 F.3d 1043, 1053 (9th Cir. 2002).

Under the second prong, clearly established law is not to be defined "at a high level of generality." Mullenix v. Luna, 136 S. Ct. 305, 308 (2015) quoting Ashcroft v. al-Kidd, 563 U.S. 731, 742, 131 S.Ct. 2074 (2011).  "The dispositive question is 'whether the violative nature of particular conduct is clearly established.'" Id. "This inquiry 'must be undertaken in light of the specific context of the case, not as a broad general proposition.'" Id. (quoting Brosseau v. Haugen, 543 U.S. 194, 198, 125 S.Ct. 596 (2004) (per curiam) (quoting Saucier,

533 U.S. at 201) (internal quotation marks omitted)).  "The relevant inquiry is whether existing precedent placed the conclusion that [the defendant] acted unreasonably in the [specific circumstances confronted] 'beyond debate.'"  <u>Id.</u> at 309 (quoting <u>al-Kidd</u>, 563 U.S. at 741).

"To be clearly established, a right must be sufficiently clear that every reasonable official would have understood that what he is doing violates that right."  <u>Reichel v. Howards</u>, 132 S.Ct. 2088, 2092 (2012); <u>see also</u> <u>Castro v. County of Los Angeles</u>, --- F.3d ---, 2016 WL 4268955, *4 (9th Cir. Aug. 15, 2016).  "When properly applied, [qualified immunity] protects all but the plainly incompetent or those who knowingly violate the law."  <u>al-Kidd</u>, 563 U.S. at 743 (internal quotation marks omitted).  "We do not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate."  <u>Id.</u> at 741.  "[A] 'robust consensus of cases of persuasive authority' [in the Courts of Appeals] could itself clearly establish the federal right [in question]."  <u>City and County of San Francisco v. Sheehan</u>, 135 S.Ct. 1765, 1778 (2015) (quoting <u>al-Kidd</u>, 563 U.S. at 742).

### B.      Defendant's Motion and Request for Judicial Notice

Defendant Allenby requests dismissal of this action in its entirety, with prejudice, on the ground that Defendant Allenby, former Acting Director of the Department of State Hospitals,[2] is entitled to qualified immunity from suit.  Defendant argues that currently, the parameters of a civil detainee's constitutional rights, if any, associated with environmental exposure to Valley Fever, even as to those who are allegedly at greater risk of contracting the disease, is not clearly established, and that this case should be dismissed as a matter of law pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

Defendant requests the Court to take judicial notice of two documents submitted for the Court's review:  Exhibit "1", a true and correct copy of Governor Edmond G. Brown, Jr.'s announcement, dated December 31, 2014, appointing Pamela Ahlin as the Director of the

---

[2] Defendant asserts that "Defendant Cliff Allenby was the acting Director of the Department of Mental Health and DSH between January 2011 through December 2014, " (Compl., p. 5, ¶8; RJN, Exh. 1), that "DSH had jurisdiction over state hospitals in California, including CSH," (Compl., p. 6, ¶9; Cal. Welf. & Inst. Code §§ 4000, 4100), and that "[t]he Department of Mental Health was renamed the Department of State Hospitals effective June 27, 2012," ((Cal. Stat. 2012, c. 24 (A.B.1470), §63).  (ECF No. 47 at 3:14-17, n. 1.)

California Department of State Hospitals, and Exhibit "2", a memorandum filed in <u>Sullivan v</u> <u>Kramer, et al.,</u> No. 14-15872 (9th Cir. July 1, 2015).  (Request for Judicial Notice (RJN), ECF No. 48.)  Defendant argues that the Court has authority to take judicial notice because Exhibit "1", the Governor's announcement, is an official record of the California Governor's Office, and Exhibit "2" is a court record.[3]  Plaintiff has not objected to the Court taking judicial notice of these two exhibits.  These appear to be the type of documents readily capable of judicial notice. Both documents are matters of public record whose authenticity is not disputed, and the Court finds them directly related to matters at issue.  Therefore, the Court takes judicial notice of Defendant's Exhibits "1" and "2".

**C.    Plaintiff's Opposition**

Plaintiff argues that the doctrine of qualified immunity does not free Defendant Allenby from liability, because the law is very clear as to the violations Defendant Allenby committed. Plaintiff supports his argument with examples, including the following:

> On November 28, 2005, the U.S. Department of Justice Civil Rights Division conducted an investigation of conditions and practices at Atascadero State Hospital in Atascadero, California, and found numerous deficiencies in the operation of four mental health facilities.  The investigation concluded with a Consent Judgment and Agreement upon the expected conditions, practices, and treatment of patients.  Plaintiff argues that this proves that Defendant was aware of the measures needed to meet the requirements of the law.

> On September 26, 2012, the Fresno County Superior Court Grand Jury visited Pleasant Valley State Prison concerning the Valley Fever issue and found that "a large state mental health facility was under construction resulting in disruption of the ground in the customarily windy region." (Fresno County 2012-2013 Grand Jury Report #3 at 2 ¶4, ECF No. 52, Exh. C.)  Plaintiff argues that this shows that the right to safe conditions was clearly

---

[3] "Courts may only take judicial notice of adjudicative facts that are not subject to reasonable dispute, including "matters of public record." <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 689 (9th Cir. 2001); <u>see</u> <u>Ritchie</u>, 342 F.3d at 908-09 (citing Fed. R. Evid. 201(b)). "Facts are indisputable, and thus subject to judicial notice, only if they either 'generally known' . . . or capable of accurate and ready determination by resort to sources whose accuracy cannot be questioned[.]" <u>Id.</u> at 909.  In particular, the Court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." <u>United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.</u>, 971 F.2d 244, 248 (9th Cir. 1992); <u>see also</u> <u>Smith v. Duncan</u>, 297 F.3d 809, 815 (9th Cir. 2002) (taking judicial notice of the "relevant state court documents, because those documents have a direct relationship to [petitioner's habeas] appeal"), abrogation on other grounds recognized by <u>Moreno v. Harrison</u>, 245 Fed.Appx. 606 (9th Cir. 2007).

established when Defendant was in the position of Executive Director.

The Department of State Hospitals has a requirement for testing for Valley Fever by a Registered Nurse for all patients on admission, with no follow-up test after admission.  (Nursing Policy and Procedure 201 at 1 and Infection Control Manual No. 3.5 at 1, (ECF No. 52, Exh. E.)

Plaintiff also argues that his right to be free from exposure to an environmental hazard stems directly from the holding of Helling v. McKinney, 509 U.S. 25 (1993), which the Court concluded "placed the statutory or constitutional question beyond debate."  In Helling, the issue was whether exposure to second-hand tobacco smoke violated the plaintiff's Eighth Amendment rights even though the plaintiff alleged only future harm.  The Court found that it could violate the plaintiff's rights despite the absence of an existing injury.  Helling also acknowledged other situations in which environmental factors can pose an unreasonable risk to an inmate's health, such as exposure to "infectious maladies such as hepatitis and venereal disease" caused by overcrowding, unsafe drinking water, and "toxic or other substances."  Plaintiff also asserts that the Helling decision was relied upon to hold that inmates have the right to be free from exposure to another environmental toxin, asbestos.

Plaintiff submits exhibits containing copies of other reports and notices addressing the dangers of Valley Fever, arguing that someone in Defendant's position would have understood that his conduct was within the scope of an established prohibition, and that failing to implement measures to limit exposure of inmates with heightened susceptibility to Valley Fever was unconstitutional.

**D.     Analysis**

As discussed above, a qualified immunity analysis requires two prongs of inquiry:  "(1) whether 'the facts alleged show the official's conduct violated a constitutional right; and (2) if so, whether the right was clearly established' as of the date of the involved events 'in light of the specific context of the case.'"  Tarabochia, 766 F.3d at 1121.  These prongs need not be addressed in any particular order.  Pearson, 555 U.S. 223.  This is a case where the Court can "rather quickly and easily decide that there was no violation of clearly established law before turning to the more difficult question whether the relevant facts make out a constitutional

question at all." <u>Pearson</u>, 555 U.S. at 239.  Accordingly, the Court skips the first step of the <u>Saucier</u> qualified immunity analysis.

It is well established that a civil detainee's right to safe conditions is protected by the Due Process Clause of the Fourteenth Amendment. <u>Youngberg v. Romeo</u>, 457 U.S. 307, 315 (1982); <u>Ammons v. Wash. Dep't of Soc. & Health Servs.</u>, 648 F.3d 1020, 1029-30 (9th Cir. 2011) (setting forth objective <u>Youngberg</u> standard and explaining that "in the face of known threats to patient safety, state officials may not act (or fail to act) with conscious indifference, but must take adequate steps in accordance with professional standards to prevent harm from occurring" (citation and internal quotation marks omitted)).  In <u>Youngberg</u>, the Supreme Court "noted that the right to personal security constitutes a 'historic liberty interest' protected substantively by the Due Process Clause." <u>Youngberg</u>, 457 U.S. at 315 (quoting <u>Ingraham v. Wright</u>, 430 U.S. 651, 673, 97 S.Ct. 1401, 1413, 51 L.Ed.2d 711 (1977)).  "[T]hat right is not extinguished by lawful confinement, even for penal purposes." <u>Youngberg</u>, 457 U.S. at 315 (citing <u>see</u> <u>Hutto v. Finney</u>, 437 U.S. 678, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978)). "If it is cruel and unusual punishment to hold convicted criminals in unsafe conditions, it must be unconstitutional to confine the involuntarily committed—who may not be punished at all—in unsafe conditions." <u>Youngberg</u>, 457 U.S. at 315-16.

Turning to the contours of Plaintiff's right in this case -- to be safe from exposure to Valley Fever -- the Court finds that the contours are not defined, because case law at the district court level concerning exposure to Valley Fever is unsettled, notwithstanding whether the plaintiff is a prisoner or civil detainee. There is no binding precedent addressing the rights of civil detainees who are at increased risk of contracting Valley Fever.  "Regardless of whether the court looks only to the state of the law as it existed in 2006, or as it exists today, the Court would still conclude that the right at issue [not to be exposed to Valley Fever] was not clearly established." <u>Smith v. Schwarzenegger</u>, 137 F.Supp.3d 1233, 1242 (E.D.Cal. 2015) (citing <u>see</u> <u>Jones v. Hartley</u>, No. 1:13-cv-1590-AWI-GSA-PC, 2015 WL 1276708, at *2-3 (E.D.Cal Mar. 19, 2015) ("Courts have yet to find that exposure to valley fever spores presents an excessive risk to inmate health." (collecting cases)); <u>Smith v. California</u>, 2015 WL 3953367 at *3

(E.D.Cal. June 6, 2015) (recognizing contrary conclusions in Valley Fever cases within this district).   Also see <u>Cunningham v. Kramer</u>, No. 1:15-cv-01362-AWI-MJS-PC, 2016 WL 1545303 (E.D. Cal., April 15, 2016) (Court's determination that civil detainee failed to state a claim under § 1983 that public officials violated his liberty interests by housing him in a facility located in an area where Valley Fever was endemic and not taking any protective measures, despite increased risk to detainee of contracting Valley Fever due to his ethnicity, was not erroneous, despite circuit court cases finding cognizable claims based on similar allegations; circuit court cases cited by detainee were unpublished, and thus not binding precedent, and other precedent established that officials named as defendants in detainee's action would have been entitled to qualified immunity on facts alleged in detainee's complaint.)

Plaintiff's arguments are unpersuasive.  He refers to investigations, reports, and notices concerning the dangers of exposure to Valley Fever spores in detention facilities in the areas where the spores are prevalent.  However, Plaintiff fails to establish that the law is clearly established regarding Plaintiff's rights as a civil detainee to be free from exposure to Valley Fever.  As argued by Defendant, the existence of an investigation at Atascadero State Hospital, a Consent Decree involving Napa State Hospital and Metropolitan Hospital, a Fresno Superior Court Grand Jury report concerning Pleasant Valley State Prison, and a case decision that exposure to second-hand smoke may be unconstitutional are not relevant to Plaintiff's claims against Defendant Allenby and do not contradict the case law that recognizes that the law is not clearly established regarding Valley Fever rights.  There is no evidence that Defendant Allenby was aware of any investigations or received any of the reports or notices submitted or described by Plaintiff.

Based on the foregoing, the Court finds that Plaintiff's constitutional right to be free from exposure to Valley Fever was not clearly established at the time that Defendant Allenby allegedly violated that right, and that Defendant Allenby did not have a fair and clear warning that his alleged conduct was unlawful.  Therefore, even if all the material facts alleged against Defendant Allenby in the complaint are true, Defendant Allenby is entitled to qualified immunity from suit for his alleged conduct.  **The Court finds that the deficiencies outlined**

above are not capable of being cured by amendment, and therefore further leave to amend should not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127 (9th Cir. 2000).  Accordingly, Defendant Allenby's motion for judgment on the pleadings shall be granted, and this case shall be dismissed in its entirety, with prejudice.

## IV.    CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1.    Defendant Allenby's motion for judgment on the pleadings, filed on July 6, 2016, is GRANTED;

2.    This case is DISMISSED, with prejudice, on the ground that Defendant Allenby is entitled to qualified immunity from Plaintiff's Fourteenth Amendment claim against him; and

3.    The Clerk is directed to CLOSE this case.

IT IS SO ORDERED.

Dated:   **October 3, 2016**                    **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE